

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2006

# Tao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tao v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1019

YU TAO,
Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES; BUREAU OF
IMMIGRATION & CUSTOMS ENFORCEMENT,
Respondents

On Petition for Review of a Final Order
of the Board of Immigration Appeals
No. A 79 310 308

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2006

Before: RENDELL and SMITH, *Circuit Judges*,
and IRENAS, *District Judge*[*]

(Filed:January 31, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Yu Tao petitions for review of an order by the Board of Immigration Appeals

---

[*]The Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

("BIA") affirming the denial by the Immigration Judge ("IJ") of Tao's application for asylum and withholding of removal.[1]  The IJ had jurisdiction pursuant to 8 C.F.R. § 208.2(b).  The BIA exercised jurisdiction under 8 C.F.R. § 1003.1(b).  We have appellate jurisdiction under 8 U.S.C. § 1252.  Because the BIA affirmed the IJ's decision without issuing an opinion, we scrutinize the IJ's decision.  *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).  Our review is limited to determining whether there was substantial evidence to support the IJ findings.  *Id.* at 247-48.

Tao, an editor of a daily newspaper and a lineal descendent of the Manchu, claimed that he was persecuted on the basis of his political opinion and his Manchu heritage.  According to Tao's asylum application, he was arrested and demoted from his position as editor because he and other scholars, who were attending a conference, publicly favored greater recognition of the cultural contributions of the Manchu and wrote an open letter of criticism to the government seeking to create a forum to discuss the issue.  In addition, he claimed he was sentenced to a re-education camp after he inserted a flier into the daily paper containing a letter of protest he authored regarding the trial and sentencing of a man known as Wang Dan.

---

[1]The IJ also denied Tao's application for relief under the Convention Against Torture.  The record reveals that Tao did not challenge this aspect of the IJ's order in his appeal to the BIA.  In *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595  (3d Cir. 2003), we declared that we do not have jurisdiction to consider issues that were not raised before the BIA.  We explained that an "alien is required to raise and exhaust his or remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim."  *Id.*; *see also Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989).

The IJ denied Tao's application, finding him not credible. The IJ explained that there were inconsistencies between Tao's testimony and his application for asylum, as well as a lack of corroborating evidence from any of Tao's colleagues or the scholars who attended the conference. The IJ doubted whether a conference on the cultural contributions of the Manchu ever occurred. The conference, according to the IJ, was not mentioned during Tao's testimony. Instead, Tao affirmed that the statements favoring greater Manchu recognition were made in a meeting room of the newspaper which was attended by approximately twenty people, including a few scholars and a political officer. The IJ pointed out that Tao's asylum application stated that he and the other scholars wrote an open letter criticizing the government. Yet Tao's testimony was silent in this regard, as well.

The IJ also rejected Tao's claim that he was demoted from his editorial position and closely monitored by the government after his release from the camp. He pointed out that Tao's occupation after the above events, according to his household registration book, remained editor. Although Tao was allegedly under government scrutiny, the IJ noted that he had been able to obtain, without great difficulty, a business visa and a passport.

Tao contends that the IJ erred, but he fails to cite any specific errors or to explain why the IJ's decision is not supported by substantial evidence. Instead, he discusses the general concepts applicable to adjudicating asylum applications and declares that the IJ's

3

"pure suspicion that there are contradiction[s] in the testimony . . . without more" is insufficient.

We have carefully reviewed the record to determine if there is substantial evidence to support the IJ's adverse credibility finding. Because the specific contradictions cited by the IJ for rejecting Tao's testimony are supported by the record, *see Dia*, 353 F.3d at 249, and because those contradictions are central to Tao's asylum claim, we conclude that the IJ's finding of inadequate corroboration and lack of credibility is supported by substantial evidence. Accordingly, we will deny Tao's petition for review.